Pearson, J.
 

 The bill is filed upon the idea, that, as there was
 
 actual fraud
 
 in the deed of trust and the deed to Sugg, by reason of the fraudulent contrivance and understanding, that the .property was to be held for the secret use of Eason, the deeds are void as against Toole, a
 
 subsequent
 
 creditor, and the plaintiffs, having purchased under his execution, could follow the land in the hands of the defendants, who paid value, but had notice of the fraud.
 

 
 *396
 
 When a subsequent creditor seeks to avoid a conveyance, upon the ground that it was voluntary, and void as to creditors, on account of fraud in
 
 law,
 
 as distinguished from
 
 actual fraud,
 
 he must be able to shew that there is some
 
 existing debt remaining unpaid;
 
 for. if all such debts were provided for and paid, or afterwards paid without being provided for, that fact repels the presumption of fraud, which the law makes from the'mere fact, that the conveyance was voluntary. The general expression in the case of
 
 Hoke
 
 v. Henderson, 3 Dev. 14, “that a conveyance void as to one creditor is void as to all creditors,” is qualified by what immediately follows. The meaning is, there must be one
 
 existing
 
 creditor unpaid, as to whom the conveyance is void ; if so, that will let in all creditors and “bring the whole fund into subjection to general creditors.”
 

 In this case there was an
 
 actual
 
 fraud. The conveyance was colorable and in trust, for the debtor ; and being a continuing trust and a continuing fraud, a subsequent creditor can take advantage of it, without the aid of an existing creditor, whose debt is unpaid. The plaintiff could, without doubt, have reached the land in the hands of the trustee or of Sugg, but. I do not think, they can do so, in the hands of- the defendants, to whom it passed for value, more than two years before the creation of Toole’s debt, although they had notice of the original fraud.
 

 In
 
 Martin
 
 v.
 
 Conly,
 
 1 Dev. & Bat. 30, it is held, that a purchaser from a fraudulent grantee
 
 without
 
 notice, can hold against an
 
 existing
 
 creditor. Here the creditor is a
 
 subsequent
 
 one, but the purchaser
 
 had notice
 
 of the original fraud, and the question is, what is the effect of the notice ?
 

 Eason, the debtor, had no right to the land, as against the trustee or Sugg ; nor could he have compelled them to execute the fraudulent trust, being “in
 
 pari delicio”
 
 
 *397
 
 The defendants then, although they had notice, did him no wrong They did no wrong to any existing creditor, for there is none such unpaid ; and they could do no wrong to the creditor, Toole, for his debt was not then created ; and as a matter of course, the defendants could not have notice of it. The defendants, then, at the time they bought, did wrong to no one. And there is no reason why they were not at liberty to purchase. The plaintiffs have not the shadow of a right to complain, for the defendants took possession and have had possession ever since. And the plaintiff, Toole, cannot say that he trusted Eason on the credit of the land, nor does he venture to allege, that he had not full notice of the defendant’s purchase, when he gave credit to Eason.
 

 My conclusion is, that a purchaser from a fraudulent grantee, when there is actual fraud, gets a valid title, un > less he has notice of an existing debt, unpaid, or of a debt subsequently contracted, before he makes the purchase.
 

 Per Curiam.
 

 Bill dismissed with costs.